WILLIAM R. TAMAYO – #084965 (CA)
DAVID OFFEN-BROWN - #063321 (CA)
EVANGELINA FIERRO HERNANDEZ -#168879 (CA)
EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California  94105
Telephone:    (415) 625-5622
Facsimile:     (415) 625-5657

Attorneys for Plaintiff Equal Employment Opportunity Commission

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | Civil Action No.  C07-4973-JW/PVT |
| Plaintiff, | **COMPLAINT** |
| v. | Civil Rights - Employment Discrimination |
| **BAHAMA BILLY'S, INC.,** | |
| Defendant. | DEMAND FOR JURY TRIAL |

## NATURE OF THE ACTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Charging Party Wynne Dauernheim ("Charging Party") who was adversely affected by such practices.  Defendant Bahama Billy's, Inc., ("Bahama Billy's") subjected the Charging Party to unlawful harassment based on her sex, created a hostile work environment based on her sex, and subjected her to retaliation for engaging in protected activity under Title VII, which caused the constructive discharge of Charging Party.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331,

1337, 1343 and 1345.  This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of California, San Jose division.

## INTRADISTRICT ASSIGNMENT

3. This action is appropriate for assignment to San Jose because the unlawful employment practices alleged were and are being committed within Monterey County.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, §2000e-(f)(1) and (3).

5. At all relevant times, Defendant Bahama Billy's has continuously been a California company, doing business in the State of California, in the County of Monterey, and has continuously had at least 15 employees.

6. At all relevant times, Defendant Bahama Billy's has continuously been an employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

**Violations of Title VII of Civil Rights Act : Sex Discrimination, Sexual Harassment and Retaliation**

7. More than thirty days prior to the institution of this lawsuit, Charging Party filed her charge with Plaintiff Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least April of 1998, Defendant has engaged in unlawful practices

of sex discrimination in violation §703(a) of Title VII, 42 U.S.C. §2000e-2(a) by subjecting the Charging Party to a sexually hostile, abusive, intimidating and offensive work environment which culminated in tangible employment actions.

9. Since at least April 2005, Defendant has engaged in unlawful practices of retaliation, in violation §704(a) of Title VII, 42 U.S.C. §2000e-3(a), by subjecting Charging Party to adverse actions for engaging in protected activity, including disciplinary actions and ultimately wrongfully discharging her.

10. The effect of the actions complained of in Paragraphs 8 and 9 above has been to deprive the Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and protected activity.

11. The unlawful employment practices complained of in Paragraphs 8 and 9 above were intentional.

12. The unlawful employment practices complained of in Paragraphs 8 and 9 above were done with malice or with reckless indifference to the federally protected rights of the Charging Party.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons acting in concert or participation with Defendant, from engaging in discrimination against its employees including harassment based on sex and retaliation.

B. Order Defendant to institute and carry out policies, practices, and programs which prohibit harassment based on sex and retaliation and which eradicate the effects of its unlawful employment practices.

C. Order Defendant to make whole Charging Party by providing appropriate back pay and benefits with prejudgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay and other appropriate relief to be determined at trial.

1  D. Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to such out-of-pocket expenses as medical care necessitated by Defendant's unlawful conduct, in amounts to be determined at trial.

E. Order Defendant to make whole Charging Party by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above including, but not limited to emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Charging Party punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court may deem just and proper in the public interest.

H. Award the Commission its costs of this action.

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

**Equal Employment Opportunity Commission**
1801 L Street, N.W.
Washington, DC 20507

Date: _____September 25_____, 2007

/s/
_____
WILLIAM R. TAMAYO
Regional Attorney

Date: _____September 25_____, 2007

/s/
_____
DAVID OFFEN-BROWN
Supervisory Trial Attorney

Date: _____September 25_____, 2007

/s/
_____
EVANGELINA FIERRO HERNANDEZ
Senior Trial Attorney

**Equal Employment Opportunity Commission**
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California  94105