IT IS SO ORDERED

Judge James Ware

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | **Case No.  C 07-4973 JW PVT** |
| **Plaintiff,** | |
| **v.** | **[PROPOSED]** |
| **BAHAMA BILLY'S INC.,** | **CONSENT DECREE** |
| **Defendant.** | |

Plaintiff U.S. Equal Employment Opportunity Commission ("Commission") brought this lawsuit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices and to provide appropriate relief to Charging Party Wynne Dauernheim, who was allegedly adversely affected by such practices.

In the interest of resolving this matter the Commission and Bahama Billy's, Inc., (hereinafter referred to as "the Parties") have agreed that the above-captioned lawsuit (the "Lawsuit") should be finally resolved by entry of this Consent Decree.

//

//

//

CONSENT DECREE
07-4973 JW PVT

1   This Consent Decree shall not constitute an adjudication and/or a finding on the merits of the

2   Lawsuit and shall not be construed as an admission of liability.  This Consent Decree resolves all

3   claims raised by the Commission which stem from EEOC Charge No. 376-2005-00515 (Wynne

4   Dauernheim vs. Bahama Billy's Inc.) and the EEOC Complaint in this Lawsuit and constitutes a

5   complete resolution of all claims of discrimination under Title VII that were made or could have been

6   made by the Commission based on this charge.  This Consent Decree does not, however, resolve any

7   future charges or charges that may be pending with the Commission other than the charges and

8   Complaint specifically referenced in this paragraph.

9       This Consent Decree comprises the full and exclusive agreement of the EEOC and Defendant

10  Bahama Billy's, Inc. with respect to the matters discussed herein.  No waiver, modification or

11  amendment of any provision of this Consent Decree shall be effective unless made in writing and duly

12  executed by each of all the Parties to this Decree, and any substantive change, modification or

13  amendment of any provision of this Consent Decree shall also require approval by the Court.

14      The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and

15  now approves this Consent Decree.

16

17      **THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

18  **I.    GENERAL PROVISIONS**

19      This Court has jurisdiction over the subject matter and the Parties to this Lawsuit.  This Court

20  will retain jurisdiction over this Decree for all purposes until the expiration of Defendant's obligations

21  as set forth herein.

22      This Consent Decree is final and binding upon the Parties, their agents, successors and assigns.

23  The Parties will each bear their own costs and attorney fees in this action.

24  //

**CONSENT DECREE**
**07-4973 JW PVT**

1

## II.    GENERAL INJUNCTIVE RELIEF: NON-DISCRIMINATION AND NON-RETALIATION

2

3    **Discrimination based on sex**: Consistent with Section 703 of Title VII, 42 U.S.C. §2000e-2,

4    Defendant and their officers, agents, managers (including supervisory employees), successors and

5    assigns, agree not to discriminate against persons on the basis of sex by creating, allowing or otherwise

6    supporting sexual harassment in the workplace.  For purposes of this paragraph, the procedures of 42

7    USC § 2000e, et. seq. will apply.

8        **Retaliation**: Consistent with Section 704 of Title VII, 42 USC § 2000e-3, Defendant, their

9
     officers, agents, managers (including supervisory employees), successors and assigns, are enjoined
10
     from engaging in, implementing or permitting any action, policy or practice with the purpose of
11
12   retaliating against any current or former employee because he or she has in the past, or during the term

13   of this Consent Decree (a) opposed any practice of harassment or other discriminatory acts related to

14   this lawsuit on the basis of race/national origin; (b) filed a Charge of Discrimination alleging any such

15   practice in this case; (c) testified or participated in any manner in any investigation (including, without

16   limitation, any internal investigation undertaken by Defendant), proceeding or hearing in connection

17
     with this Lawsuit; (d) was identified as a possible witness in this Lawsuit; or (e) asserted any rights
18
19   under this Consent Decree.

20   ## III.    MONETARY RELIEF

21        Defendant shall pay the total sum of $25,000.00 (the "Settlement Payment") as allocated and

22   described below.

23        a.  Lump Sum

24        Defendant shall pay the amount of Thirteen Thousand Dollars ($13,000.00) of the Settlement

25   Payment in the form of a cashier's check payable to "Wynne Dauernheim."  This check shall be sent

26
     via Federal Express or other certified delivery to counsel for the Commission, Linda Ordonio-Dixon,
27
28   350 The Embarcadero, Suite 350, San Francisco, CA  94105.  The check shall be sent no later than ten

**CONSENT DECREE**
**07-4973 JW PVT**

(10) days following the entry of this Consent Decree.

b. Monthly Payments

Commencing on September 8, 2008, and continuing thereafter until the Twelve Thousand Dollar ($12,000.00) balance of the Settlement Payment is paid, Defendant shall make monthly payments in the amount of One Thousand Dollars ($1,000.00).  These monthly payments are to be paid by cashier's check payable to "Wynne Dauernheim" and are to be sent via Federal Express or other certified delivery to "Wynne Dauernheim, 437 Palo Verde Ave, Monterey, CA  93940."  The monthly checks shall be sent so that Ms. Dauernheim receives the each check no later than the eighth day of each month.

## IV.   SPECIFIC INJUNCTIVE RELIEF

**Training of Managerial Employees:**   Defendant shall conduct and require all current and new managers and officers to attend anti-discrimination training twice over a three year period.  The initial training shall take place no later than one hundred and twenty (120) days after the entry of this Consent Decree.  A second training shall take place within ninety days of the two year anniversary of the initial training.  The training shall consist of no less than two hours of classroom or other effective interactive training and education regarding sexual harassment.  The training shall include information and practical guidance regarding federal and state statutory provisions concerning the prohibition against, and the prevention and correction of, sexual harassment, and the remedies available to victims of sexual harassment in employment.  The training must be presented by trainers or educators with knowledge and expertise in the prevention of harassment, discrimination, and retaliation.  Training programs which are certified to meet the requirements of AB 1825 training would meet the foregoing requirements.

//

CONSENT DECREE
07-4973 JW PVT

**Acknowledgment of Training Attendance**:  All persons attending mandatory anti-discrimination training pursuant to this Consent Decree shall sign an acknowledgment of their attendance at the training.  Defendant shall retain the originals of these acknowledgments.   The Commission may inspect the acknowledgements, upon ten days written notice, throughout the duration of the Consent Decree.

**Personnel Records of Wynne Dauernheim**:  Defendant shall excise any negative information and/or documents from Wynne Dauernheim's personnel file.  Defendant and their officers, agents, managers (including supervisory employees), successors and assigns, shall respond to any inquiries regarding Ms. Dauernheim's employment with Defendant with her dates of employment,  positions held and amount of salary.

## V.    RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

a.    This Consent Decree shall terminate three (3) years from the date of entry by the Court, unless the Commission petitions this Court for an extension of the Decree because of non-compliance by Defendant.  If the Commission determines that Defendant has not complied with the Consent Decree, the Commission will provide written notification of the alleged breach and will not petition the Court for enforcement sooner than thirty (30) days after providing written notification.  The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue.  If the Commission petitions the Court and the Court finds Defendant to be in substantial violation of the terms of the Decree, the Court may extend the termination date of this Consent Decree.

b.    Except as provided in the preceding paragraph, three (3) years after the entry of this Consent Decree, this lawsuit will be dismissed with prejudice, provided that Defendant has complied substantially with the terms of this Consent Decree.  Defendant will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that

**CONSENT DECREE**
**07-4973 JW PVT**

Defendant has failed to comply with any of the terms of this Decree.  This Consent Decree will automatically expire without further Court Order.

c.     For purposes of enforcing the provisions of this Consent Decree, and pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) and *Flanagan v. Arnaiz*, 143 F.3d 540, 543-44 (9th Cir. 1998), this Court will retain jurisdiction of the instant lawsuit until the expiration of the Consent Decree.

Pursuant to the Consent Decree, this action is ordered DISMISSED.  The Clerk shall close this file.

IT IS SO ORDERED:

Dated:_____ August 28, 2008

_____
United States District Court Judge

Approved as to form.

Dated: August 6, 2008

_____//s//_____
LINDA ORDONIO-DIXON
Atty for Plaintiff EEOC

_____//s//_____
JENNIFER BARRERA
Atty for Defendant Bahama Billy's

**CONSENT DECREE**
**07-4973 JW PVT**